

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# USA v. Ramsey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ramsey" (2007). *2007 Decisions.* Paper 236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4223

———————

UNITED STATES OF AMERICA

v.

BRIAN RAMSEY,
Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00049)
District Judge:  Honorable Terrence F. McVerry

———————

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2007

Before:  RENDELL, WEIS and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed November 9, 2007)

———————

OPINION OF THE COURT

———————

RENDELL, *Circuit Judge*.

Brian Ramsey appeals from the sentence of 71 months of incarceration imposed

by the District Court after a jury found Ramsey guilty of violating the Racketeer

Influenced and Corrupt Organizations (RICO) Act and conspiracy to commit a RICO Act

violation, under 18 U.S.C. § 1962(c) & 1962(d) respectively, and filing false income tax returns, in violation of 26 U.S.C. § 7206(1). Ramsey raises four arguments on appeal. First, Ramsey asserts that the evidence was insufficient as a matter of law to sustain a conviction for violation of the RICO Act. Second, he contends that the District Court improperly applied a preponderance of the evidence standard to the proof of facts in determining the proper Sentencing Guideline range. Third, he argues that this sentence is presumptively unreasonable. Finally, Ramsey asserts that the District Court erred by failing to grant a mistrial after it issued an allegedly improper instruction to the jury. For the reasons that follow, we will uphold the jury's verdict and affirm the sentence imposed by the District Court.

## I.

From 1995 to 2000, Ramsey engaged in a scheme to defraud his employer Allegheny Power. During this time period, Ramsey worked as a "team leader" within the building services department of Allegheny Power. This position allowed Ramsey to approve inflated bills submitted by contracting companies owned by his co-conspirators, Thomas and Susan Burtoft and Mark Marsula, accepting bribes in return. Ramsey approved invoices from the Burtofts, who over-billed Allegheny Power approximately $200,741, and from Marsula, who over-billed Allegheny Power approximately $295,000.

On August 23, 2005, a grand jury returned a superceding indictment charging Ramsey with RICO Act, mail fraud, and tax reporting violations. Specifically, Count One charged Ramsey with receiving bribes on 62 occasions in violation of 18 U.S.C.

2

§1962(c). Count Two charged conspiracy to commit a RICO Act violation under 18

U.S.C. §1962(d). Counts Three though Ten charged Ramsey with committing various

acts of mail fraud in violation of 18 U.S.C. §§1341, 1346. In Counts Eleven, Twelve, and

Thirteen, Ramsey was charged with filing false income tax returns in violation of 26

U.S.C. §7206(1).

Ramsey was tried by a jury and found guilty on Counts One through Seven,

Eleven, and Thirteen. Despite finding that Ramsey violated the RICO Act, the jury

determined that only two of the sixty-two RICO acts which the government alleged

Ramsey committed had been proven beyond a reasonable doubt. These two acts occurred

within three months of one another. On September 13, 2006, the District Court sentenced

Ramsey to a period of 72 months' imprisonment.

## II.

Ramsey raises four arguments on appeal. First, Ramsey argues that there is

insufficient evidence as a matter of law to convict him of Count One, because the jury

only found two RICO acts, occurring within a three-month period, beyond a reasonable

doubt. Ramsey asserts that the government consequently did not prove beyond a

reasonable doubt that he participated in "a pattern of racketeering activity" as required by

18 U.S.C. §1962(c). A pattern of racketeering activity is defined by 18 U.S.C. § 1961(5)

as "at least two acts of racketeering activity, one of which occurred after the effective date

of this chapter and the last of which occurred within ten years (excluding any period of

3

imprisonment) after the commission of a prior act of racketeering activity."

The Supreme Court addressed what constitutes a pattern of racketeering activity in *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989). In *H.J.,* the Supreme Court stated that "to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued continuity." *Id.* at 239 (emphasis in original). The Court defined continuity as "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241.

Ramsey challenges the continuity aspect. Ramsey relies upon *United States v. Pelullo*, 964 F.2d 193, 207-10 (3d Cir. 1992), to support his argument that offenses occurring within three months cannot constitute a pattern of racketeering. In *Pelullo*, we held that RICO offenses occurring over one year or less do not constitute a pattern of racketeering when no threat of continued activity exists. *Id.* Ramsey's argument, however, ignores both this Court's and the Supreme Court's instruction that a pattern of racketeering activity can also be proven by showing a threat of continued activity.

We have stated that "threatened criminal conduct could be established by a showing that the conduct was an 'ongoing entity's regular way of doing business.'" *Hindes v. Castle*, 937 F.2d 868, 872 (3d Cir. 1991) (quoting *H.J., Inc.*, 492 U.S. at 242-43). Although here the jury did not find the government had proven 60 of the 62 specific acts enumerated in Count One, there was ample evidence on the record to support the

jury's finding of a racketeering scheme predicated on a threat of continued activity, i.e., a threat of continued solicitation of bribes. Despite the jury's failure to find beyond a reasonable doubt all of the alleged offense conduct involving Ramsey and his co-conspirators, the jury still found Ramsey guilty of conspiracy to commit racketeering with those co-conspirators, as described in Count Two. This indicates that the jury found Ramsey guilty of, at a minimum, the threat of engaging in racketeering acts with his co-defendants, even though they did not find the 60 acts in Count One to be proven. Considering the totality of the circumstances, viewed in the light most favorable to the verdict, there is ample proof on the record to uphold a reasonable jury's finding of guilt. Ramsey's argument, therefore, fails.

Ramsey next argues that the District Court erred when, in crafting his sentence, it considered facts not proven beyond a reasonable doubt. His argument is foreclosed by this Court's decision in *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007). In *Grier*, this Court held that the proper standard of proof for facts affecting sentencing was the preponderance of the evidence. *Id.* The District Court, therefore, applied the proper standard of proof.

In his third argument, Ramsey claims that his 72-month sentence is presumptively unreasonable primarily because it is greater than the sentence of co-defendants who pled guilty pursuant to cooperation agreements. This Court has stated that "a criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants." *United States v. Parker*, 462 F.3d 273, 274 (3d Cir. 2006) (quoting

5

*United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001)). The aim of § 3553(a)(6) "was to promote national uniformity in sentencing rather than uniformity among defendants in the same case." *Parker*, 462 F.3d at 277. The record establishes District Court properly evaluated the § 3553(a) factors and "reasonably applied" those factors to the "circumstances of [the] case." *Id*. at 274. The District Court also reduced the sentence in order to lessen the disparity between Ramsey and his co-defendants.

Ramsey also argues that his sentence is unreasonable because the District Court failed to take into consideration his low likelihood of recidivism. This argument fails because Ramsey's Criminal History Category of I already takes a low rate of recidivism into account. *See* U.S.S.G. Ch. 4, Pt. A, intro. comment (explaining that the Guidelines take into account the likelihood of recidivism in the computation of the Criminal History Category). Thus, Ramsey's argument that his sentence was unreasonable fails on all accounts.

Finally, Ramsey challenges the entirety of his conviction based on the claim that the District Court improperly used an *Allen* charge in its supplemental instructions. Ramsey argues that the District Court's supplemental jury instruction was improper because it commented on the quality of the government's evidence. Ramsey points to a specific passage in which the Court stated that "there appears to be no reason to believe that the case could ever be submitted to 12 people more conscientious, more impartial, or more competent to decide it, or that more or clearer evidence could be produced." Ramsey argues that, because he did not present any evidence in his defense, this language

comments on the quality of the government's evidence. Ramsey provides no legal support for his position. From an examination of the instruction in its entirety, it is clear that District Court did not comment on the quality of the evidence presented and that the instruction was entirely void of coercive language. Also, the instruction mirrored the language that this Court recommended in *United States v. Fioravanti*, 412 F.2d 407, 419 (3d Cir. 1969). Therefore, Ramsey's argument that the instruction was improper fails.

### III.

For the foregoing reasons, we will affirm Ramsey's conviction and the sentence imposed in the Judgment and Commitment Order of the District Court.